Citation Nr: 1702601 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 11-16 741 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for nephropathy, to include as secondary to diabetes mellitus, type II.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Espinoza, Associate Counsel 


INTRODUCTION

The Veteran had active service from February 1966 to December 1968 with additional reserve service.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. Jurisdiction rests with the RO in New York, New York.

This claim was previously remanded by the Board in August 2015 for further evidentiary development. It now returns for appellate review.


FINDING OF FACT

The most probative evidence of record fails to demonstrate that it is at least as likely as not that the Veteran currently has nephropathy that began in service, is etiologically related to active service, or was caused or aggravated by service-connected diabetes mellitus, type II.


CONCLUSION OF LAW

The criteria for entitlement to service connection for nephropathy, to include as secondary to service-connected diabetes, mellitus, type II, are not met. 38 U.S.C.A. §§ 1110, 5107 (West 2015); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

Pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2015); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2016). See also Pelegrini v. Principi, 18 Vet. App. 112 (2004); Quartuccio v. Principi, 16 Vet. App. 183 (2002); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The Veteran's claim for service connection for nephropathy was raised as part of his July 2009 claim for service connection diabetes mellitus, type II, and a VA letter issued in August 2009 satisfied the duty to notify provisions with respect to service connection on a direct incurrence basis and notified the Veteran of the regulations pertinent to the establishment of an effective date and disability rating. The letter did not include the criteria for secondary service connection. However, the Board finds that the Veteran has not been prejudiced by this notice defect, as the record reflects that the Veteran has actual knowledge of the elements necessary to substantiate a claim for secondary service connection. These elements were set forth in a June 2010 rating decision, which adjudicated the claim on this basis, and in supplemental statements of the case issued thereafter.

VA satisfied the duty to assist the Veteran under the VCAA by gathering relevant records. VA has a duty to assist in obtaining the Veteran's service medical records, VA medical records and other relevant records. 38 U.S.C.A. § 5103A (c); 38 C.F.R. § 3.159 (c). The Veteran's service treatment records and post service VA treatment records have been obtained and are associated with the claims file. The Veteran has not identified any additional relevant records. Thus, the Board concludes that VA has made every reasonable effort to obtain all records relevant to the claim on appeal.

Additionally, VA satisfied the duty to assist the Veteran by providing an examination to the Veteran in February 2010 with a May 2010 addendum opinion. Pursuant to the August 2015 Board remand, an additional VA medical opinion was obtained in October 2015. The Board finds that the February 2010 VA examination report and subsequent May 2010 and October 2015 VA medical opinions are adequate when considered in combination. Specifically, May 2010 and October 2015 VA opinions reflect that the opinions proffered were congruent with the other evidence of record, were rendered following a review of the record and were accompanied by a complete rationale. 38 C.F.R. § 3.159 (c) (4); Barr v. Nicholson, 21 Vet. App. 303, 307 (2007).

As noted above, this case was previously remanded by the Board in August 2015. The August 2015 Board remand directive of obtaining an additional VA medical opinion was accomplished with readjudication of the claim thereafter. Specifically, an October 2015 VA medical opinion was obtained and an October 2015 supplemental statement of the case was issued. Thus, the Board finds the August 2015 remand directives were accomplished. See Stegall v. West, 11 Vet. App. 268 (1998).

The Board concludes that all available evidence has been obtained and that there is sufficient medical evidence on file on which to make a decision on the issue decided herein on appeal. The Veteran has been given ample opportunity to present evidence and argument in support of his claim. All general due process considerations have been complied with by VA, and the Veteran has had a meaningful opportunity to participate in the development of the claim.


II. Merits of the Claim

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110 (West 2015); 38 C.F.R. § 3.303 (2016). To establish service connection on a direct incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

Service connection may also be granted for disability that is proximately due to or aggravated by service-connected disease or injury. 38 C.F.R. § 3.310 (2016). See also Allen v. Brown, 7 Vet. App. 439, 448 (1995). In service connection claims consideration must be given to all pertinent medical and lay evidence. 38 U.S.C.A. § 1154 (a) (West 2015); 38 C.F.R. § 3.303 (a).

In the July 2015 informal hearing presentation, as well as in other statements, the Veteran's representative asserted that the Veteran maintained that his nephropathy resulted from his diabetes mellitus, type II. A December 2009 rating decision awarded the Veteran service-connection for diabetes mellitus, type II, effective July 29, 2008. 

The Veteran satisfies the service connection element of existence of a present disability with regard to his nephropathy. Although not proximate to the claim, initiated as part of a July 2009 claim for diabetes, a January 1983 VA treatment record noted the Veteran may have mild chronic renal failure but also indicated it was not clear if such was related to hypertension or to temporary dehydration. Additionally, a December 2001 VA treatment record noted review of labs showed newly elevated creatinine but repeat testing was normal. Romanowsky v. Shinseki, 26 Vet. App. 289 (2013). Thereafter, during the pendency of the claim, a December 2009 VA treatment record noted in part, review of laboratory reports showed worsening renal function, uncontrolled diabetes mellitus, and progressive anemia. An August 2011 VA treatment record noted in part, that the Veteran's creatinine was going up and that he should follow-up with his primary medical doctor for renal failure. A February 2010 VA examination report endorsed a diagnosis of diabetic nephropathy. However, the February 2010 VA examiner provided a caveat which stated the Veteran's nephropathy could be because of the high blood pressure or other medication and not necessarily from diabetes and indicated that because of this a worksheet for nephropathy would not be created. Thus, the Board finds that a current disability, best characterized as nephropathy, has been demonstrated.

The Board must next address the element of nexus, whether incurred in or aggravated by service, or proximately due to or chronically aggravated by, a service-connected disability. In reviewing the evidence of record, the Board assigns the most probative weight to the VA opinions offered in May 2010 and October 2015. The February 2010 VA examiner, in a May 2010 addendum opinion found that the Veteran was diagnosed with diabetes in 1998, and he also had hypertension which was diagnosed before the diabetes. Thus, the examiner stated the nephropathy was less likely to be related to the diabetes and more likely to be caused by his hypertension. 

As noted above, pursuant to the August 2015 Board remand, an October 2015 VA opinion was also obtained to further address the etiology of the Veteran's nephropathy. The October 2015 VA examiner opined that the condition claimed was less likely than not proximately due to or the result of the Veteran's service-connected condition. The October 2015 VA examiner provided a rationale which noted the Veteran's nephropathy was most likely due to, with a much greater than 50 percent probability, his long history of hypertension, dyslipidemia, and overweight/obesity, all of which predated his diabetes. Such is consistent with VA treatment records which indicate a diagnosis of hypertension was provided as early as August 1982. Furthermore, in a January 1983 application for benefits, the Veteran reported his hypertension began in 1969. A November 1999 VA treatment record reflected that medication was prescribed for diabetes and a March 2000 VA treatment record noted the Veteran developed diabetes mellitus about 7 months prior. The October 2015 VA examiner opined the Veteran's hypertension of decades was his most significant contributor and further opined that nephropathy had not been aggravated beyond the natural progression as his most recent glomerular filtration rate (GFR) was 49 in June 2015. 

The Board finds the examiners' opinions to be probative as the examiners have expertise, reviewed the claims file, and provided reasoning for the expressed opinions. Further, there is no competent medical evidence relating nephropathy to the Veteran's diabetes mellitus, type II. The Board is not free to substitute its own judgment for that of a medical expert. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991). As the most probative evidence does not relate nephropathy to the Veteran's diabetes mellitus, type II, by way of causation or aggravation, service connection on this basis is not warranted.

In addition, service connection on a direct incurrence basis is not warranted. The claims file does not contain any competent medical evidence relating the Veteran's nephropathy to active service. Indeed, the October 2015 VA examiner opined that the condition claimed was less likely than not incurred in or caused by the claimed in-service injury, event or illness. The October 2015 VA examiner provided a rationale which noted Veteran's service treatment records were silent for nephropathy and there was no documentation of chronicity from the time of military separation in 1968. The October 2015 VA examiner's opinion is consistent with the evidence of record. Specifically, the Veteran's service treatment records reveal complaints related to other issues; however, the service treatment records, including the Veteran's December 1968 separation examination, are absent for any findings or documentation related to kidney problems. Additionally, in a December 1968 Report of Medical History, conducted at separation from service, and in a September 1977 Report of Medical History, conducted during reserve, the Veteran checked no with respect to the question of kidney stone or blood in urine. Thus, as the most probative evidence does not relate the Veteran's nephropathy to active service, service connection on a direct incurrence basis is not warranted.

Furthermore, to the extent the Veteran's nephropathy may be associated with his hypertension, most recently, an August 2012 rating decision continued the previous denial of service connection for hypertension. The August 2012 rating decision is final. 38 U.S.C.A. § 7105 (c) (West 2015); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2016). A current claim to reopen service connection for hypertension is not pending at this time, and thus, as such, as a matter of law, secondary service connection for nephropathy as due to hypertension is not warranted. See 38 C.F.R. § 3.310.

The Board acknowledges the Veteran's assertion that his nephropathy was caused or aggravated by his service-connected diabetes mellitus, type II. However, the Veteran is not considered competent to provide an opinion as such is a complex medical question. See Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). The Veteran has not been shown to have the requisite expertise or medical knowledge to provide an opinion as to whether his nephropathy was caused or aggravated by his diabetes mellitus, type II, and he did not provide any evidence in support of that contention. Moreover, the Board has found the VA examiners' opinions to be the most probative as to whether nephropathy was caused or aggravated by his diabetes mellitus, type II or was etiologically related to service. 

In light of the above, the Board finds that the preponderance of the evidence is against the Veteran's claim of entitlement to service connection for nephropathy both on a direct incurrence and a secondary basis. Because the preponderance of the evidence is against the Veteran's claim, the benefit of the doubt provision does not apply and the claim is denied. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).


ORDER

Entitlement to service connection for nephropathy, to include as secondary to service-connected diabetes mellitus, type II, is denied.




____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs